# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPH A. MARTIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2990** |
| **BURL CAIN, WARDEN** | **SECTION "F"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I. Factual and Procedural Background

The petitioner, Joseph A. Martin ("Martin"), is a convicted inmate incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On November 28, 2006, Martin was indicted by a grand jury in St. Tammany Parish with the second degree murder of Rene Jaunet, Jr.[3]

---

[1] Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. 2.

[3] St. Rec. Vol. 1 of 8, Indictment, 11/28/06; Grand Jury Return, 11/28/06.

The record reflects that, about one month before his death Jaunet hired Martin to help him with construction projects.[4] Jaunet also allowed Martin to live in a trailer that was parked on the property of a home on Ranch Road in Slidell, Louisiana which Martin planned to remodel. According to the trial testimony, on or about August 20, 2006, Jaunet informed Martin that he no longer needed his services. On or about August 23, 2006, Jaunet's father discovered his son's body under a piece of carpet on the property on Ranch Road.

The results of Jaunet's autopsy showed that he had seven lacerations caused by the impact of an object to his scalp. Four of the injuries had underlying skull fractures. Collectively, all of the injuries were lethal, and there was a significant amount of hemorrhage on the brain surface. Toxicological test results showed that Jaunet had ingested cocaine.

On September 14, 2006, Martin confessed to hitting Jaunet in the head with a hammer to attempt to render him unconscious. He also confessed to stealing money and cocaine from Jaunet's wallet and pocket. Martin stated that he and Jaunet together had used cocaine prior to the offense.

Martin was tried before a jury on August 25, 26, and 27, 2008, and was found guilty as charged of second degree murder.[5] At a hearing held on October 13, 2008, the Trial Court sentenced

---

[4]The facts of the case were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Martin*, 17 So.3d 521 (La. App. 1st Cir. 2009) (Table); *State v. Martin*, No. 2009-KA-0453, 2009 WL 3162244, at *1 (La. App. 1st Cir. Sep. 11, 2009); St. Rec. Vol. 4 of 8, 1st Cir. Opinion, 2009-KA-0453, p. 2, 9/11/09.

[5]St. Rec. Vol. 1 of 8, Trial Minutes, 8/25/08; Trial Minutes, 8/26/08; Trial Minutes, 8/27/08; Verdict of the Jury, 8/27/08; Trial Transcript, 8/25/08; St. Rec. Vol. 2 of 4, Trial Transcript (continued), 8/25/08; Trial Transcript, 8/26/08; St. Rec. Vol. 3 of 4, Trial Transcript (continued), 8/26/08; Trial Transcript, 8/27/08.

Martin to life imprisonment without benefit of parole, probation, or suspension of sentence.[6] The Court also denied Martin's motions for new trial and to reconsider the sentence.[7]

On direct appeal to the Louisiana First Circuit Court of Appeal, Martin's counsel argued that the Trial Court erred in denying the motion to suppress the confession and/or statements made by Martin.[8] On September 11, 2009, the Louisiana First Circuit affirmed Martin's conviction and sentence finding that the appeal raised a new claim for the first time on appeal and it was not properly before the Court.[9]

Martin's conviction became final 30 days later, on Tuesday, October 13, 2009,[10] because he did not file for rehearing or for review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314 (5th Cir. 2008) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).

## II.  State Post-Conviction Proceedings

Almost six months later, on March 30, 2010, Martin submitted an application for post-conviction relief to the Trial Court alleging that he received ineffective assistance of counsel for counsel's failure to challenge the conflicting testimony of Detective Bethea and for failure to edit

---

[6]St. Rec. Vol. 1 of 8, Sentencing Minutes, 10/13/08; St. Rec. Vol. 3 of 8, Sentencing Transcript, 10/13/08.

[7]*Id*.; St. Rec. Vol. 1 of 8, Motion for a New Trial, 10/13/08; Motion to Reconsider Sentence, 10/13/08.

[8]St. Rec. Vol. 8 of 8, Appeal Brief, 2009-KA-0453, 4/13/09.

[9]*State v. Martin*, 17 So.3d at 521; *State v. Martin*, 2009 WL 3162244, at *3; St. Rec. Vol. 4 of 8, 1st Cir. Opinion, 2009-KA-0453, p. 6, 9/11/09.

[10]Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do. The thirtieth day was Sunday, October 11, 2009 and Monday, October 12, 2009, was a legal holiday, Columbus Day. This left the deadline to fall on Tuesday, October 13, 2009. *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period when it would otherwise be the last day of the period).

3

the videotape recording before it was played at trial which allowed the jury to hear evidence of his prior convictions.[11] The Trial Court denied relief on May 28, 2010, finding that Martin failed to meet his burden under *Strickland v. Washington*, 446 U.S. 668 (1984).[12]

On July 10, 2010, Martin submitted an untimely[13] writ application to the Louisiana First Circuit seeking review of that order.[14] The Court denied the application on November 12, 2010, citing *Strickland* without further comment.[15]

Martin submitted an untimely[16] writ application to the Louisiana Supreme Court on December 16, 2010, seeking review of the appellate court's order.[17] The Court denied the application without stated reasons on November 4, 2011.[18]

## III.  Federal Petition

On December 7, 2011, the clerk of this Court filed Martin's petition for federal habeas corpus relief in which he raised the following grounds for relief:[19] (1) he was denied effective assistance of counsel when counsel failed to impeach a detective on the stand at trial; and (2) he was

---

[11] St. Rec. Vol. 4 of 8, Uniform Application for Post-Conviction Relief, 4/8/10 (dated 3/30/10).

[12] St. Rec. Vol. 4 of 8, Trial Court Judgment, 6/1/10.

[13] La. App. R. 4-3 grants no more than 30 days for a litigant to seek a supervisory writ from an intermediate appellate court after the district court's ruling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

[14] St. Rec. Vol. 6 of 8, 1st Cir. Writ Application, 2010-KW-1371, 7/28/10 (dated 7/10/10).

[15] St. Rec. Vol. 4 of 8, 1st Cir. Order, 2010-KW-1371, 11/12/10.

[16] Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[17] St. Rec. Vol. 5 of 8, La. S. Ct. Writ Application, 10-KH-2797, 12/21/10; St. Rec. Vol. 4 of 8, La. S. Ct. Letter, 2010-KH-2797, 12/21/10 (showing postmark of 12/16/10).

[18] *State ex rel. Martin v. State*, 75 So.3d 919 (La. 2011); St. Rec. Vol. 5 of 8, La. S. Ct. Order, 2010-KH-2797, 11/4/11.

[19] Rec. Doc. 2.

denied effective assistance of counsel when counsel failed to have a videotape edited before presenting it to the jury.

In its opposition response, the State argues that the petition was untimely filed and should be dismissed as time barred.[20] The State alternatively argues that the claims raised also are meritless.

Martin filed a reply to the State's opposition in which he acknowledges the State's argument that his petition should be dismissed as untimely filed.[21] He, however, does not respond to or oppose that defense. Instead, he reiterates some of his arguments in support of the merits of his two claims.

## IV. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this court under the federal mailbox rule on November 28, 2011.[23] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[20]Rec. Docs. 7, 8.

[21]Rec. Doc. 9.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Martin's federal habeas petition on December 7, 2011, when pauper status was granted. Martin dated the certificate on his memorandum in support on November 28, 2011. This is considered to be the earliest date on which he could have been submitted the pleadings to prison officials for mailing.

5

and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Martin did not timely file his federal petition, because his sole application to the Louisiana Supreme Court was not timely filed and did not provide tolling of the AEDPA filing period. For the reasons below, the Court finds that Martin's federal petition was not timely filed under the AEDPA.

V.      **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[24] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above, Martin's conviction was deemed final on October 13, 2009.[25] Under the plain language of § 2244, Martin had one year, or until October 13, 2010, to file a timely federal application for habeas corpus relief, and he failed to do so. Thus, literal application of the statute would bar Martin's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

---

[24]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
A.      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

[25]*See* footnote 10, *supra*.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral

review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

In the instant case, Martin's conviction was deemed final on October 13, 2009. The AEDPA filing period began to run the next day, on October 14, 2009, and did so for 167 days, until March 30, 2010, when Martin submitted his application for post-conviction relief in the state trial court. The filing period remained tolled until July 1, 2010, when he did not timely seek review of the trial court's order issued June 1, 2010. Another eight days of the filing period ran until July 10, 2010, when Martin submitted his untimely writ application to the Louisiana First Circuit. *Melancon*, 259 F.3d at 408. The filing period remained tolled again until December 13, 2010,[26] when Martin failed to timely seek review of the circuit court's November 12, 2010, ruling.

The AEDPA filing period began to run again on December 14, 2010, and did so for the remaining 190 days, until June 21, 2010, when it expired. Martin had no properly filed state post-conviction or other collateral review pending during that time period.

As argued by the State, and as the record shows, Martin submitted a writ application to the Louisiana Supreme Court on December 16, 2010 seeking review of the Louisiana First Circuit's November 12, 2010, ruling.[27] This writ application was not timely filed under La. S. Ct. Rule X§5.

---

[26]As noted before, Martin had 30 days to seek review of that order. The thirtieth day was Sunday, December12, 2010, which fell to the next business day, December 13, 2010.

[27]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 10-KH-1458, 6/22/10 (dated 6/3/10); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2010-KH-1458, 6/22/10 (showing postmark of 6/14/10).

As noted above, pursuant to La. S. Ct. Rule X§5, an application seeking review of a judgment by the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment under review or from the denial of a timely filed application for rehearing. *Accord Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009). In the prisoner context, the Court must also consider when the pleading was submitted to prison officials for mailing. *See*, *Causey*, 450 F.3d at 601.

As outlined above, Martin had until December 13, 2010, to submit his application to the Louisiana Supreme Court. Instead, the record shows, and Martin does not contest in his traverse, that he submitted his writ application for mailing to the Louisiana Supreme Court on December 16, 2010. This was not within the time limit proscribed in La. S. Ct. Rule X§5.

A writ application which fails to comply with La. S. Ct. Rule X§5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. *Butler v. Cain*, 533 F.3d 314, 318-319 (2008); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same). Martin's 2010 Louisiana Supreme Court writ application did not interrupt or toll the AEDPA filing period which expired on June 21, 2011, as calculated above.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some

extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848. Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Martin has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling. As mentioned previously, Martin did not

address or respond in any way to the State's limitations defense when given the opportunity in his traverse. There is nothing in this record to warrant equitable tolling.

Martin's federal petition is deemed filed on November 28, 2011, which is five months after the AEDPA filing period expired on June 21, 2011. Therefore, Martin's federal petition was untimely filed and must be dismissed for that reason.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Joseph A. Martin's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[28]

New Orleans, Louisiana, this 15th day of February, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.